IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kim Eugenia Sawyer, | ) | |
| | ) | Civil Action No. 1:12-2364-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Kim Eugenia Sawyer ("Sawyer"), brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 18.) Sawyer has filed timely objections to the Report (ECF No. 20) and the Commissioner has responded to those objections (ECF No. 22). Accordingly, the matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. §

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2012. Pursuant to Fed. R. Civ. P. 25(d), Colvin should be substituted for Michael J. Astrue.

636(b)(1). Then, the court may accept, reject, or modify the Report, or recommit the matter to the magistrate judge. *See id.*

## I. Background

Sawyer filed applications for DIB and SSI on April 2, 2010, alleging disability since June 11, 2008,[2] due to sacral fracture, back pain, depression, and panic disorder. Her applications were denied initially and on reconsideration. On June 1, 2011, an Administrative Law Judge ("ALJ") heard testimony from Sawyer and a vocational expert. Subsequently, the ALJ issued a decision denying Sawyer's claims. At the time of the hearing, Sawyer was 54 years old, had completed high school, and had past relevant work experience in data entry and tax resolution and as a clerk. The ALJ found that Sawyer suffered from the severe impairments status post sacral fracture and depression and should be limited to light work, with certain restrictions, but that her impairments did not equal one of the listed impairments and that jobs existed that Sawyer could perform. The Appeals Council denied Sawyer's request for review, making the ALJ's decision the final decision of the Commissioner. Sawyer has now brought this action challenging the Commissioner's decision.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the Social Security Act ("SSA" or the "Act"). Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the

---

[2] At the hearing before the ALJ, Sawyer amended her alleged onset date to January 9, 2010.

court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

Sawyer has raised two specific objections: (1) the ALJ should have defined the term "status sacral fracture," and his failure to do so indicates that he did not properly consider all of Sawyer's impairments and (2) the ALJ should have affording Sawyer's treating psychiatrist's opinion more weight. As the Commissioner notes in her response to Sawyer's objections, these are the two issues on appeal and, as such, have been fully briefed by the parties and are the sole focus of the magistrate judge's twenty-seven page Report.

However, because Sawyer's objections are technically specific, the court has conducted a full de novo review of the record. Sawyer's objections do not present any additional information or argument not already addressed in briefing and the Report. The court is not unsympathetic to Ms. Sawyer, but, after a thorough review, the court does not find any reason to deviate from the

Report's well-reasoned conclusion that the Commissioner's findings as to both of these issues are supported by substantial evidence and result from application of the proper legal standard.

## IV.  Conclusion

Therefore, after a full review of the record in this case, the court adopts the Report and incorporates it herein.  Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 3, 2014